IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-02587-WDM-DW

OLD TOWN INDUSTRIES, INC.,

    Plaintiff,

v.

TERRANCE D. RYAN, and
DANNIE L. RYAN,

    Defendants.

## ORDER ON MOTION TO STRIKE COUNTERCLAIM TO COUNTERCLAIM

Miller, J.

This matter is before me on Defendants' Motion to Strike Counterclaim to Counterclaim (Docket No. 25). I have reviewed the pleadings and the parties' written arguments. For the reasons that follow, the motion will be granted.

### Background

This case apparently arises from an agreement for the sale of real property from Defendants to Plaintiff.[1] In its First Amended Complaint (Docket No. 6), Plaintiff asserts the following claims against Defendants: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) repudiation of contract/anticipatory breach; (4) declaratory judgment; (5) estoppel; (6) unjust enrichment; (7) *quantum meruit*; (8) reformation; (9) Clean Water Act; and (10) "purchaser's interest" (apparently a request for specific performance).

---

[1] I say "apparently" because the allegations are so bare that I have difficulty understanding the nature of the case or the background of the claims.

In their Answer (Docket No. 14), Defendants allege that Plaintiff's principal and attorney, James Preston, was a tenant of the property for five years pursuant to a lease agreement. They allege that Mr. Preston, in violation of the lease terms, made unauthorized alterations to the property. They assert a counterclaim of negligence against Plaintiff for the actions of Mr. Preston. Plaintiff thereafter filed a Reply (Docket No. 15) which contains its responses to the factual allegations underlying the counterclaim and sets forth its affirmative defenses to the negligence counterclaim. In addition, Plaintiff asserts "counterclaims to counterclaim," alleging that the negligence counterclaim is offered for an improper purpose and amounts to a violation of the Fair Debt Collection Practices Act. It also alleges a new claim of civil theft, based on Defendants' alleged wrongful taking of Plaintiff's electricity.

Discussion

Defendants filed their motion seeking to strike the Plaintiff's counterclaims pursuant to Fed. R. Civ. P. 12(f) on the grounds that the civil rules do not contemplate such pleadings and that the proper method to assert new claims is by way of a motion to file an amended complaint. At the scheduling conference on February 25, 2010, Magistrate Judge Michael J. Watanabe ordered Plaintiff to file a motion to amend the complaint within one week. Plaintiff apparently never did so.

Plaintiff responds by stating that it is inappropriate to strike entire pleadings under Rule 12(f), but neglects to provide a case citation for the language it quotes. Since Defendants have only sought to strike the "counterclaims to counterclaim," not the entire Reply, I do not understand Plaintiff's argument. Rule 12 provides that I "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

2

matter." Fed. R. Civ. P. 12(f). The "counterclaims to counterclaim" appear to fall within the scope of the rule. Plaintiff then "asks the Court to reconsider Magistrate Judge Watanabe's ruling regarding filing an amended complaint to incorporate our counterclaims." Plaintiff's request will be disregarded as it violates this Court's local rules. D.C.COLO.LCivR 7.1.C ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper.").

Plaintiff cites *T.L. Smith Co. v. District Court*, a 1967 Colorado state court opinion, for the proposition that there is nothing inherently improper in asserting a counterclaim in a reply. 163 Colo. 444, 446, 431 P.2d 454, 456 (1967). I need not resolve whether this case is applicable because the circumstances presented here show that Plaintiff is attempting to assert new claims against Defendants. This is governed by Fed. R. Civ. P. 15 and, as Plaintiff has already been told by Magistrate Judge Watanabe, the proper procedure at this point is to file a motion to amend the complaint. Plaintiff failed to do so within the time limit set by Magistrate Judge Watanabe. In addition, a portion of Plaintiff's "counterclaims" appear to fall under Rule 11 and are not independent claims for relief.

Accordingly, it is ordered:

1. Defendants' Motion to Strike Counterclaim to Counterclaim (Docket No. 25) is granted. Plaintiff's claims of abuse of process, violation of the Fair Debt

3

Collection Practices Act, and civil theft are stricken without prejudice to Plaintiff filing a motion to amend pursuant to Fed. R. Civ. P. 15.

DATED at Denver, Colorado, on July 12, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge